IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUTH MAE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-0467-P-M |
| | ) | |
| PHIL BREWER TRUCKING, | ) | |
| BOBBY JOE THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER OF REMAND

Defendants Phil Brewer Trucking and Bobby Joe Thompson removed this tort action brought by plaintiff Ruth Mae Patterson from the Circuit Court of Mobile County, Alabama, to this federal district court on August 10, 2005, pursuant to 28 U.S.C. §1332 (doc.1). The action arises out of an October 20, 2004 vehicular accident which occurred in Mobile County, Alabama. Id.

There is no dispute that the parties are diverse. Plaintiff is a citizen of Alabama, defendant Phil Brewer Trucking is a Texas corporation, and defendant Bobby Joe Thompson is a citizen of Texas. Plaintiff seeks unspecified compensatory and punitive damages. Id. Remand was not requested.

A Rule 16(b) Scheduling Order was entered, along with an Order of Referral to Mediation (docs.15-16) and discovery commenced (see docs.18-22).

Currently pending before this court is the parties' March 27, 2006 Stipulation As To Jurisdiction (doc.24). The parties stipulate that "[p]laintiff is not seeking damages, including interest, costs and attorney's fees, in excess of $75,000... will not make a settlement demand...

which exceeds $75,000., including interest, costs and attorney's fees...  In the event this case is tried,... [p]laintiff will not ask for..., nor will... [p]laintiff accept an award... in excess of $75,000., including interest, costs and attorney's fees.  Id.  The Stipulation is signed by counsel for all parties.

Pursuant to 28 U.S.C. § 1441(a), "[a] civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court."  Triggs v. John Crump Toyota, Inc, 154 F.3d 1284, 1287 (11th Cir. 1998); see Burns v. Windsor, 31 F.3d 1092, 1094 (11th Cir. 1994).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded..."  § 1447(c) (emphasis added).

Herein, although the parties are diverse, they stipulate that the amount in controversy does not exceed the minimum requisite jurisdictional amount.  The Stipulation is express, specific, and unambiguous.  Without the minimum requisite jurisdictional amount, this court lacks subject matter jurisdiction based on diversity.  Further, no basis for federal question jurisdiction has been asserted or alleged.  Therefore, this court finds that federal subject matter jurisdiction is lacking and that this action is due to be remanded.

Accordingly, pursuant to 28 U.S.C. § 1447(c), it is ORDERED *sua sponte* that this action be and is hereby REMANDED to the Circuit Court of Mobile County, Alabama, from whence it came.  The Clerk is directed to take all steps necessary to effectuate Remand, forthwith.

DONE this 29th day of March, 2006.

    S/Virgil Pittman  
SENIOR UNITED STATES DISTRICT JUDGE